UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
V&A COLLECTION, LLC

        Plaintiff,                                      **Notice of Removal**

   -against-

GUZZINI PROPERTIES, LTD.,

        Defendant.
---------------------------------------------------------------x

**To the Clerk of the United States District Court
for the Southern District of New York:**

      Please take notice that Mazzola Lindstrom LLP, on behalf of its client Guzzini Properties, Ltd., hereby gives notice that the above-captioned action, filed with the Supreme Court of the State of New York, Country of New York under the name V&A Collection, LLC v. Guzzini Properties, Ltd., New York County Index No., 651300/2020, and all claims and causes of action therein, is hereby removed to the United States District Court for the Southern District of New York.

      As grounds for removal, defendant states as follows:

**Grounds for Removal**

    1.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

    2.    Venue is proper because this Court constitutes the "district court of the United States for the district and division embracing the place where [the state action] is pending." 28 U.S.C. § 1441(a).

**I.       Procedural History and Timeliness of Removal**

3.      On February 26, 2020, plaintiff filed an action in the Supreme Court of the State of New York, County of New York claiming that defendant converted a "valuable artwork by post-conceptual American artist, Wade Guyton," which plaintiff alleges to have acquired a "half-interest in" in exchange for a different artwork by the same artist and an additional $350,000 in cash.  Plaintiff further alleges that Plaintiff was to receive $850,000 and an additional 50% of any sale proceeds over $1,550,000.

4.      Defendant has not yet been served with the complaint in the state action. Thus, the defendant's time to answer the complaint has not expired.

5.      While an order to show cause was also filed by the plaintiff in the state court action, which order to show cause seeks immediate discovery as to the defendant's jurisdictional contacts with New York and the whereabouts of the artwork, the court has not yet taken any affirmative steps with respect to the motion. At this time, the order to show cause is merely docketed and unsigned.

6.      This notice of removal is timely filed under 28 U.S.C. § 1446(b) because the summons and complaint were docketed only two days ago, and defendant has neither appeared nor taken any affirmative steps in the state court action.

7.      No previous application has been made for the relief herein requested.

8.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and papers filed in the state action is attached hereto as Exhibit 1, though none of these filings has been served on defendant to date.

9. In accordance with 28 U.S.C. § 1446(d), promptly after filing notice of removal, defendants will give written notice to all adverse parties and will file a copy of this notice of removal with the Supreme Court of the State of New York, County of New York.

**II. Removal is Proper Under 28 U.S.C. § 1332 and 1441**

10. According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

11. Removal is justified for three reasons. First, this court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity among the parties. Complete diversity existed when the complaint was filed in the state action and exists at the time of the filing of this removal petition.

12. Upon information and belief, plaintiff V&A Collection, LLC is a limited liability company formed in the State of New York. Its principals are Andre Sakhai and Victoria Brooks, both of whom are believed to be New York residents.

13. Defendant Guzzini Properties, Ltd. is a company formed in the British Virgin Islands, and which principally does business in London, England.

14. Additionally, the amount in controversy well exceeds $75,000.  Plaintiff alleges to have acquired a "half-interest in" the Guyton artwork in exchange for a different artwork by the same artist and an additional $350,000 in cash.  Plaintiff further alleges that Plaintiff was to receive $850,000 and an additional 50% of any sale proceeds over $1,550,000 if the Guyton was sold.

15.     28 U.S.C. § 1332(a) provides that this court has original jurisdiction over any matter where "the matter in controversy exceeds the sum or value of $75,000" and the matter is "between … (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State...."

16.     Defendant Guzzini Properties, Ltd. is not "domiciled" in New York, nor is it a "permanent resident" of the United States.

WHEREFORE, defendant Guzzini Properties, Ltd. respectfully submits that the state action is properly removed to this court from the Supreme Court of the State of New York.

Dated: New York, New York
        February 28, 2020

Respectfully submitted,
MAZZOLA LINDSTROM, LLP

By: */s/ Wendy J. Lindstrom*
Counsel for defendant Guzzini Properties, Ltd.
1350 Avenue of the Americas, 2nd Floor
New York New York 10019
Wendy@mazzolalindstrom.com
516.680.2889