**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| V&A Collection, LLC<br><br>*Plaintiff*,<br><br>-against-<br><br>Guzzini Properties Ltd.,<br><br>*Defendant*. | Case No. 20-cv-01797 (KPF)<br><br>Judge Katherine P. Failla |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
**AUTHORIZING SERVICE OF PROCESS BY ALTERNATE MEANS, AND**
**<u>EXPEDITED DISCOVERY CONCERNING THE LOCATION OF ARTWORK</u>**

**GROSSMAN LLP**

Judd B. Grossman, Esq.
Lindsay E. Hogan, Esq.
745 Fifth Avenue, 5th Floor
New York, New York  10151
Telephone:  (646) 770-7445
Facsimile:  (646) 417-7997

*Attorneys for V&A Collection, LLC*

## <u>TABLE OF CONTENTS</u>

**Page**

**<u>PRELIMINARY STATEMENT</u>** ................................................................................................. 1

**<u>FACTUAL AND PROCEDURAL BACKGROUND</u>** ................................................................. 2

      **The Collection Purchases a 50% Ownership Interest in the Work;**
      **Philbrick Purports to Transfer an Interest in the Work to Guzzini;**
      **<u>Guzzini Refuses to Return the Work to the Collection Despite its Demands.</u>** ............ 2

      **Guzzini Recently Reveals that it Transferred the Work Months Ago;**
      **<u>Guzzini Removes this Case After Plaintiff Seeks Expedited Discovery.</u>** .................... 3

**<u>LEGAL ARGUMENT</u>** ............................................................................................................... 4

**I.**     **The Collection Is Entitled to Expedited Discovery**
        **<u>Where Defendant Uniquely Possesses Critical Information.</u>** ....................................... 4

**II.**    **<u>Alternative Service on Guzzini's Counsel is Proper and Necessary.</u>** .......................... 5

**<u>CONCLUSION</u>** ........................................................................................................................ 7

## <u>TABLE OF AUTHORITIES</u>

CASES        PAGE

*Alexander v. Spanierman Gallery, LLC*,
   33 A.D.3d 411, 822 N.Y.S.2d 506 (1st Dep't 2006)...........................................................4-5

*Ayyash v. Bank Al-Madina*,
   233 F.R.D. 325 (S.D.N.Y. 2005)..........................................................................................5

*Digital Sin, Inc. v. Does 1-176*,
   279 F.R.D. 239 (S.D.N.Y. 2012) .........................................................................................4

*Ehrendfeld v. Salim a Bin Mahfouz*,
   Case No. 04 Civ. 9641, 2005 WL 696769 (S.D.N.Y. March 23, 2005) ...............................6

*Hinkle v. City of Clarksburg, W.Va.*,
   81 F.3d 416 (4th Cir. 1996) ................................................................................................4

*JP Morgan Chase Bank, N.A. v. Reijtenbagh*,
   615 F.Supp.2d 278 (S.D.N.Y. 2009) .................................................................................4-5

*Kozar v. Christie's, Inc.*,
   929 N.Y.S.2d 200 (Sup. Ct. Westchester Co. May 18, 2011) .................................................5

*Levin v. Ruby Trading Corp.*,
   248 F. Supp. 537 (S.D.N.Y. 1965) ...................................................................................6-7

*Rio Props., Inc. v. Rio Int'l. Interlink*,
   284 F.3d 1007 (9th Cir. 2002)..........................................................................................6, 7

*RSM Prod. Corp. v. Fridman*,
   Case No. 06 Civ. 11512(DLC), 2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007) ...................5, 6

*Sylmark Holdings Ltd. v. Silicone Zone Intern. Ltd.*,
   5 Misc. 3d 285, 783 N.Y.S.2d 758 (Sup. Ct. N.Y. Co. Aug. 9, 2004).......................................4

*Twentieth Century Fox Film Corp. v. Mow Trading Corp.*,
   749 F. Supp. 473 (S.D.N.Y. 1990).......................................................................................5

*United States v. Lebanese Canadian Bank SAL*,
   285 F.R.D. 262 (S.D.N.Y. 2012)...........................................................................................6

*V&A Collection, LLC v. Guzzini Props. Ltd.*,
   Index No. 651300/2020 (Sup. Ct. N.Y. Co.)................................................................. *passim*

STATUTES

Fed. R. Civ. Proc. R. 4 .....................................................................................................6-7

## PRELIMINARY STATEMENT

Plaintiff V&A Collection, LLC (the "Collection") is the rightful co-owner of a painting by Wade Guyton (the "Work" or the "Guyton").  In a related lawsuit that Defendant Guzzini recently filed in New York State Supreme Court (the "Related Action"), however, it claims to have purchased this Work and two other works from an entity controlled by now-disgraced art dealer Inigo Philbrick, in a single transaction memorialized by a single contract.  Because the Collection at all relevant times has been a co-owner of the Work, and it never transferred, sold, or otherwise disposed of its ownership interest to anyone, the Collection filed this action (which Guzzini recently removed from State Court) to enforce its ownership rights in and to the Work.

Despite repeated prior representations to the Collection for months that it still owned and possessed the Work, Guzzini recently revealed in the Related Action that it purportedly transferred ownership and control of the Work on November 1, 2019—just days after Guzzini filed the Related Action.  Guzzini refuses, however, to disclose the current location and owner of the Work.  The Collection therefore has been left with no option but to seek this Court's intervention to obtain this critical information.  This limited discovery is both crucial and time-sensitive because without it, the Collection runs the very real risk that its unique Work may disappear into the private art market before the Collection can effectively pursue its ownership rights.  And the Collection has no other way to obtain this information than from Guzzini.

In light of the urgency of this request, Plaintiff additionally requests that it be authorized to effectuate service of process on Guzzini—whose principal place of business is in London—by alternate means, including email to counsel who already have appeared in this action.  Although Plaintiff has begun the process of effectuating service, the delay will severely prejudice Plaintiff in its ability to ascertain the whereabouts of the Work.

1

## FACTUAL AND PROCEDURAL BACKGROUND

**The Collection Purchases a 50% Ownership Interest in the Work;**
**Philbrick Purports to Transfer an Interest in the Work to Guzzini;**
**Guzzini Refuses to Return the Work to the Collection Despite its Demands.**

In June 2013, the Collection purchased a 50% ownership interest in the Guyton from Modern Collections, a secondary-market art dealer.  (*See* Ex. 4 at 1-2 ¶¶ 2-5.)  Philbrick, on behalf of Modern Collections, memorialized the terms of this transaction at the time in a June 29, 2013, email from his "moderncollections.net" address.  (*Id.* at 22 (Ex. D).)

In 2017, without the Collection's knowledge or consent, and without any compensation to the Collection, Philbrick—ostensibly on behalf of IPL, another of his entities—purported to transfer an interest in the Work to Guzzini.  This purported transaction is memorialized in a June 28, 2017, agreement (the "Finance Document").  (*See* Ex. 2 at ¶¶ 4-5; Ex. 3.)  Although Guzzini claims to have *purchased* the Work from IPL for $6 million under the Finance Document (*see* Ex. 2 at ¶ 5), in reality, as the face of the contract itself makes clear, Guzzini was actually *loaning* $6 million to IPL, and in return IPL purported to pledge the three artworks (the Work and two other artworks) as collateral (*see* Ex. 3 at 1).

The Finance Document memorializing Guzzini's loan states that the three works had a total insured value of $25 million—more than four times the purported $6 million "purchase price."  (*See* Ex. 3 at ¶ 1.)  That $6 million figure is consistent with a typical loan-to-value ratio for art-backed loans.  And the contract on its fact states that it is a "finance document," a term used in English law (the governing law of the agreement) (*see id.* at ¶ 8.7), to refer to security and loan transactions, not purchase-and-sale agreements.  Notwithstanding that the deal actually was a loan, not a purchase, Guzzini took possession of the three artworks, including the Work, and claimed to own them free and clear.  (*See* Ex. 2 at ¶ 8.)

2

**Guzzini Recently Reveals that it Transferred the Work Months Ago;**
**Guzzini Removes this Case After Plaintiff Seeks Expedited Discovery.**

Upon learning of Guzzini's claims, the Collection promptly demanded that Guzzini return the Work, but Guzzini has refused to do so and has declined to recognize the Collection's ownership interest in the Work.  (*See* Ex. 4 at 2 ¶ 9.)  The Collection promptly moved to intervene in the Related Action to assert its rights to the Work.  At a February 19, 2020, hearing, Guzzini's counsel claimed for the first time in those proceedings that Guzzini purportedly had transferred ownership of the Work to an unnamed third party on or about November 1, 2019— the same day that Guzzini instituted the Related Action.  (*See* Hogan Decl. ¶ 6; Ex. 5 at 5:13-6:21.)  At that hearing, Guzzini represented, "[i]n God we [t]rust," that it did not have "possession [or] control" of the Guyton.  (Ex. 5 at 16:9-18.)  But Guzzini refuses to reveal the identity of the party to whom it allegedly transferred the Guyton, and Guzzini will not disclose the whereabouts of the Guyton.  (*See* Hogan Decl. ¶ 7.)

Following Guzzini's revelation that it no longer owned the Work, the Collection filed this lawsuit asserting conversion claims.  *See V&A Collection, LLC v. Guzzini Props. Ltd.*, Index No. 651300/2020 (Sup. Ct. N.Y. Co.) (the "State Court Action").  The Collection also initiated service of process on Guzzini at its principal place of business in London.  (*Id.* at ¶ 10.)  At the same time, the Collection sought limited expedited discovery relating to the current disposition of the Work.  On Friday, February 28, 2020, counsel for Guzzini and the Collection appeared in the State Court Action on that emergency application.  (*Id.* at ¶ 11.)  Following a discussion in Chambers with the Court's Principal Law Secretary, the Court directed the parties to appear on Monday morning, March 2, 2020.  (*Id.*)  That Friday evening, Guzzini filed a Notice of Removal, removing the State Court Action to this Court on the basis of diversity jurisdiction.  (*Id.*; Ex. 6.)  Guzzini's counsel subsequently appeared in this action.  (*See* Dkt. Nos. 3, 7.)

3

**LEGAL ARGUMENT**

I.    **The Collection Is Entitled to Expedited Discovery
Where Defendant Uniquely Possesses Critical Information.**

Courts in this District apply a "'flexible standard of reasonableness and good cause' in determining whether to grant a party[] expedited discovery." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *see Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery.").  Expedited discovery is appropriate here "in light of [Defendant's] unique possession of the information necessary to determine the extent of their unlawful conduct." *Sylmark Holdings Ltd. v. Silicone Zone Intern. Ltd.*, 5 Misc. 3d 285, 302, 783 N.Y.S.2d 758 (Sup. Ct. N.Y. Co. Aug. 9, 2004); *see Digital Sinc, Inc.*, 279 F.R.D. at 241–42 (granting expedited discovery where plaintiff alleged it had no other way to obtain the information sought as the identity of alleged infringers); *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 615 F.Supp.2d 278, 283 (S.D.N.Y. 2009) (granting expedited discovery to determine the location of missing artwork alleged to be collateral on a loan).  Indeed, absent this relief, because the Work is unique, the Collection faces the real risk that it may be unable to locate the whereabouts of the painting to assert its ownership rights.

The requested relief is especially appropriate considering that since at least October 2019, Guzzini has consistently represented to the Collection that it owned and physically possessed the Work.  On February 19, 2020, Guzzini revealed to the court that that months prior, it purportedly had transferred ownership of the Work.  It is not clear whether Guzzini still purports to have any type of interest in the Work, or whether Guzzini still exercises any degree of possession or control over the Work.  But there can be no question that Plaintiff is entitled to all this information concerning the current disposition of the Work.  *See Alexander v. Spanierman*

4

*Gallery, LLC*, 33 A.D.3d 411, 412, 822 N.Y.S.2d 506, 507 (1st Dep't 2006) (granting request for discovery in advance of the filing and service of a complaint to ascertain the identity of the individual that purchased the allegedly stolen sculpture); *Reijtenbagh*, 615 F.Supp.2d at 283.

If Guzzini refuses to reveal to the Guyton's whereabouts and the identity of the party to whom the Guyton was purportedly transferred, the Collection risks losing the ability to fully adjudicate and vindicate its ownership rights with respect to the Guyton. *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) ("in deciding a matter merely of regulating the timing of discovery, it makes sense to examine the discovery request on the entirely of the record to date and the reasonableness of the request in light of all the surrounding circumstances.") (internal citations omitted); *see also Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (expedited discovery would not pose substantial hardship on defendant where documents sought were in defendant's possession and control and requests were not overly broad or burdensome); *Kozar v. Christie's, Inc.*, 31 Misc. 3d 1228(A), 929 N.Y.S.2d 200 (Sup. Ct. Westchester Co. 2011) (granting preliminary relief enjoining transfer of artwork because artwork is unique, so plaintiffs faced the real risk that, without the requested relief, they "may never locate this painting again").  Guzzini is the only known source of this information, and the Collection's requests are reasonable.  The motion should be granted.

## II.   <u>Alternative Service on Guzzini's Counsel is Proper and Necessary.</u>

As the Supreme Court has explained, "the 'core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords a defendant a fair opportunity to answer the complaint and present defenses and objections.'" *RSM Prod. Corp. v. Fridman*, Case No. 06 Civ. 11512(DLC), 2007 WL 2295907, *4 (S.D.N.Y. Aug. 10, 2007) (citing *Henderson v. United States*, 517 U.S. 654, 672 (1996)).  Here, to allow Plaintiff to obtain the limited expedited discovery it seeks, Plaintiff should be authorized to effectuate service of

process on Guzzini through its counsel, who already have entered an appearance in this case, and on behalf of Guzzini in the Related Action where Guzzini invoked the jurisdiction of a New York Court relating to the very same contract at issue in this lawsuit.  (*See* Ex. 2.)

Rule 4 gives a district court the discretionary power to allow service by alternate means. *See* Fed. R. Civ. Proc. R. 4(h)(2); (f)(3) (allowing service "by other means . . . as the court orders").  Alternative service "is neither a 'last resort" nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant." *Ehrendfeld v. Salim a Bin Mahfouz*, Case No. 04 Civ. 9641, 2005 WL 696769, at *3 (S.D.N.Y. March 23, 2005).  And here, where time is of the essence, Rule 4 permits this Court to enter an order for alternate service on an international defendant because "the facts and circumstances of the present case necessitate district court intervention" and the proposed means of service "comport with constitutional notions of due process."  *Id.*; *see Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (noting that the advisory committee notes to Rule 4 "suggest that in cases of 'urgency,' Rule 4(f)(3) may allow a district court to order a 'special method of service,' even if other methods of service remain incomplete or unattempted.").

Indeed, courts in this district and otherwise have repeatedly found that service on a foreign defendant's counsel is proper where the attorney is in contact with the defendant.  *See United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) (allowing alternative service on defendants' attorneys); *RSM Prod. Corp.*, 2007 WL 2295907, *3 (service on foreign defendant's New York attorneys was proper under 4(f)); *Ehrendfeld*, 2005 WL 696769, at *3 (ordering alternate service under 4(f) on foreign defendant's U.S. counsel where "service on [d]efendant's attorneys is reasonably calculated to provide [d]efendant with notice of this suit."); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 543 (S.D.N.Y. 1965) (authorizing

alternative service on defendant by ordinary mail to his residence address, as well as the addresses of his counsel was where defendant "has received fair notice of this suit, of which he has been aware since its commencement"); *see also Rio Props., Inc.*, 284 F.3d at 1016-17 (alternative service on foreign company's counsel was "reasonably calculated in these circumstances to apprise [defendant] of the pendency of the present action" where "[h]e knew of [defendant]'s legal positions, and . . . he was in contact with [defendant] in Costa Rica."). Guzzini has appeared in this action through the same counsel as in the Related Action. The Court-ordered alternate service upon its attorneys under Rule 4(f)(3) is proper, and it is necessary in light of the time-sensitive circumstances presented here.

## CONCLUSION

Guzzini has transferred the Collection's property without the Collection's knowledge or consent, and now it refuses to disclose where and to whom it allegedly has transferred the Work to allow the Collection to adequately protect its ownership interest. And where Guzzini is already represented by counsel in this action, the Collection's ability to protect its interest should not be held up by the timing of effectuating service through the Hague Convention. The Collection respectfully requests that the Court grant its motion seeking (i) court-directed service on Guzzini's counsel under Rule 4(f)(3); and (ii) expedited discovery.

Dated: March 5, 2020
      New York, New York

Respectfully Submitted,
**GROSSMAN LLP**

By: _____
Judd B. Grossman, Esq.
Lindsay E. Hogan, Esq.
745 Fifth Avenue, 5th Floor
New York, New York 10151

*Attorneys for V&A Collection, LLC*

7