# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| V&A Collection, LLC,<br><br>    *Plaintiff*,<br><br>-against-<br><br>Guzzini Properties Ltd.,<br><br>    *Defendant*. | Case No. 20-cv-01797 (KPF)<br><br>Judge Katherine P. Failla |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS RELATING TO LOCATION OF ARTWORK

Under Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff V&A Collection, LLC (the "Collection"), by and through its undersigned counsel, requests that Defendant Guzzini Properties Ltd. ("Guzzini") respond to the following requests for the production of documents (the "Document Requests") within one (1) day after service, at the offices of Grossman LLP, 745 Fifth Avenue, 5th Floor, New York, New York.

## INSTRUCTIONS

1. These Document Requests are continuing in nature, and you must supplement your production if you obtain or discover additional responsive documents prior to trial. Such supplementary responses are to be served upon Plaintiff as soon as possible, and in no event more than five (5) days after the discovery of any additional documents.

2. Your response to these Document Requests shall include all of the documents and information in your possession, custody or control or which is otherwise available to you, regardless of whether such documents and information is possessed by you or your employees, agents, parent companies, subsidiaries, affiliates, investigators, predecessors, successors, or

representatives, or by your attorneys or their employees or investigators.

3. If you cannot comply in full with any of the Document Requests or with any of these instructions, after due diligence is exercised to secure the necessary information, then comply to the extent possible, provide a detailed explanation as to why full compliance is not possible, and state whatever information, knowledge, or belief you have concerning the unanswered portion.

4. If you claim that a Document Request calls for information that you contend is privileged, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and furnish a privilege log identifying each communication or document for which the privilege is claimed, together with the following information:

    a. a brief description of the nature of the document or tangible thing, including the title of the document or tangible thing; the general subject matter; the type of document or tangible thing (*e.g.*, letter or memorandum); and, if electronically stored information, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet);

    b. the date of the document's or tangible thing's creation;

    c. the custodian and location of the document or tangible thing;

    d. the identity and position of the author(s) or creator(s);

    e. the identity and position of the person(s) to whom the document or tangible thing is addressed or has been provided, including all person(s) who received copies, reproductions, or other representations of the document or tangible thing;

    f. the identity and position of the person(s) to whom the document or

     tangible thing was sent;

  g.  the total number of pages of the document; and

  h.  the specific reason for withholding the document or tangible thing, including the privilege or other basis invoked and the grounds thereof.

  5.  If you object to a Document Request on any basis other than privilege, state your objection(s) and indicate whether you are complying with the request in whole or in part.

  6.  If you object to a Document Request on the grounds of overbreadth, specifically state the manner in which it is overly broad and respond to the request as narrowed to conform to such objection. If you cannot respond fully or if you object in part to any request, you are nevertheless required to respond to the remaining portion.

  7.  Under Rule 34(b) of the Federal Rules of Civil Procedure, you must produce the documents requested as they are kept in the usual course of business or must organize and label them to correspond with each Document Request to which they are responsive. Documents attached to each other should not be separated. If any portion of any document is responsive to any Document Request, then the entire document must be produced. In addition, specifically identify the location and custodian of each document produced by means of an index of production numbers.

  8.  All production of documents maintained in electronic form shall be produced either pursuant to stipulation and/or order regarding electronic discovery or, if no such order or agreement of the parties is entered or in place as of the date on which your responses to the Document Requests are due, then as searchable TIFFs with a load file and extracted metadata.

  9.  Plaintiff reserves the right to supplement these requests

  10.  The relevant time period (the "Relevant Period") covered by the Requests is from

June 1, 2017, to the present unless otherwise stated.

## DEFINITIONS

A. "Concerning" is defined in Local Rule 26.3 as "relating to, referring to, describing, evidencing or constituting."

B. "You," "Your," "Yours" or "Guzzini" means Defendant Guzzini Properties Ltd. or any other person or entity acting on its behalf or under its direction.

C. "Communication" is defined in Local Rule 26.3 as "the transmittal of information (in the form of facts, ideas, inquiries or otherwise)," however recorded, including electronic mail and electronic messaging systems.

D. "Document" or "Documents" is defined in Local Rule 26.3 as "documents or electronically stored information."

E. "The Collection" refers to V&A Collection, LLC and entities or individuals within its control.

F. "Including" shall mean "including, without limitation."

G. The "Work" means and refers to the valuable artwork by post-conceptual American artist, Wade Guyton, as described in the Complaint.

H. "Complaint" means and refers to the Verified Complaint filed by Plaintiff in New York Supreme Court on February 26, 2020, in *V&A Collection, LLC v. Guzzini Properties Ltd.*, Index No. 651300/2020 (Sup. Ct. N.Y. Co.).

## DOCUMENT REQUESTS

1. Documents sufficient to show the physical location of the Work at all times during the Relevant Period, including its current location.

2. Documents sufficient to identify all persons and entities having physical possession, custody, or control of the Work at all times during the Relevant Period.

3. Documents reflecting the purported transfer of the Work from Guzzini, including without limitation any invoice, bill of sale, or purchase-and-sale agreement. (*See* February 19, 2020, Hearing Transcript in *Guzzini Properties Ltd. v. "Untitled by Rudolf Stingel, 2012," in Rem*, Index No. 656467/2019 (Sup. Ct. N.Y. Co.) at 5:13-18; 16:6-14).

Dated: March 5, 2020
       New York, New York

                              **GROSSMAN LLP**

By: *Judd Grossman*
      Judd B. Grossman, Esq.
      jgrossman@grossmanllp.com
      Lindsay E. Hogan, Esq.
      lhogan@grossmanllp.com
      745 Fifth Avenue, 5th Floor
      New York, New York 10151
      Telephone: (646) 770-7445
      Facsimile: (646) 417-7997

      *Attorneys for Plaintiff V&A Collection, LLC*

To:   Wendy J. Lindstrom, Esq.
      MAZZOLA LINDSTROM LLP
      733 Third Avenue, 15th Floor
      New York, New York 10017
      (t): (646) 216-8300
      wendy@mazzolalindstrom.com

      *Attorneys for Guzzini Properties Ltd.*