**EXHIBIT 2**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
GUZZINI PROPERTIES LTD.,					**Action to Quiet Title**
											**and Grant Replevin**
                  Plaintiff,
  -against-
											**First Amended Verified**
"UNTITLED BY RUDOLF STINGEL, 2012," in Rem,	**Complaint**

                  Defendant.
-------------------------------------------------------------------X	(Jury Trial Demanded)

      COMES NOW plaintiff Guzzini Properties Ltd. ("Guzzini"), by and through its attorneys Mazzola Lindstrom, LLP, and brings this verified complaint, *in rem*, to quiet title in and grant replevin against the defendant property – namely, a certain artwork entitled "Untitled by Rudolf Stingel, 2012" – and alleges upon information and belief as follows:

### Nature of the Action and the Defendant Property *In Rem*

    1.    The defendant property, named as defendant *in rem*, is a painting known as "Untitled by Rudolf Stingel, 2012," and will hereinafter be referred to as "the Stingel," which is fairly and accurately reproduced here:



2. This is an *in rem* action to quiet title to the Stingel and to grant replevin of it to plaintiff Guzzini.

3. This action arises out of a consignment of sale by Guzzini to Christie's Inc. ("Christie's"), whereby Christie's agreed to auction off the Stingel on Guzzini's behalf.

4. On June 28, 2017, Guzzini entered into an agreement with Inigo Philbrick Ltd. ("Philbrick") for the purchase of the Stingel for good and valuable consideration.

5. Pursuant to the agreement, upon payment, all legal and beneficial title to the Stingel transferred from Philbrick to Guzzini upon payment of the purchase price, which was $6 million for the Stingel and two other works of art. That is, three works were purchased for a total of $6 million.

6. Guzzini paid the purchase price on or about June 28/29, 2017.

7. Title to the Stingel transferred from Philbrick to Guzzini on or about June 28/29, 2017.

8. Accordingly, on June 29, 2017, Philbrick wrote to a storage facility in Switzerland that had been holding the Stingel and two other pieces, stating "You are instructed to hold the Artworks for the benefit of Guzzini Properties Limited to which legal and beneficial title in the Paintings has been transferred."

9. On March 25, 2019, Guzzini entered into a consignment agreement with Christie's, agreeing that the Stingel would be auctioned during Christie's New York Post-War and Contemporary Art Evening Sale on May 15, 2019.

2

10. Subsequent to execution of the consignment agreement, the Stingel was delivered to Christie's in New York for sale at the May 15, 2019 auction. Christie's has since placed the work in storage.

11. On May 15, 2019, at auction the Stellan Holm Gallery, Inc. ("Stellan Holm Gallery") bid $5.5 million for the Stingel. The hammer dropped at that price, plus there was an additional buyer's premium constituting 20% of the first $300,000 of the hammer price (or $75,000), 20% of the next $3,700,000 of the hammer price (or $740,000) and 13.5% of the remaining $1,500,000 of the hammer price (or $202,500) for a total buyer's premium of $1,1017,500.

12. That is, Stellan Holm Gallery agreed to pay $5.5 million for the Stingel, plus a buyer's premium of $1,017,500. The total purchase price, inclusive of the premium, was $6,517,500.00.

13. Pursuant to Christie's invoice, Stellan Holm Gallery was due to pay the buyer's premium on or before June 14, 2019 and the additional $5.5 million on or before August 13, 2019.

14. To date, full payment for the Stingel has not been made by the Stellan Holm Gallery.

15. Under the terms of the consignment agreement, Guzzini is owed the $5.5 million hammer price plus a 2% enhanced hammer payment (or $110,000) for a total of $5,610,000.

3

16. To date, Guzzini has received only $1 million with respect to the Stingel, and thus $4,610,000 remains due and outstanding.[1]

17. And thus, title to the Stingel remains vested in Guzzini.

18. This action to quiet title is brought because Guzzini has come to learn that prior to Philbrick's sale of the Stingel to Guzzini, there was an unconsummated sale of the Stingel to another entity – *viz.*, FAP GmBH & Co KG (formerly known as Vinculum, both of which will be referred to as "FAP" herein).

19. Pursuant to a master agreement between Philbrick and FAP dated November 4, 2015 and a transaction contract dated February 29, 2016, title to the Stingel was to pass only upon final payment of the full purchase price by FAP to Philbrick.

20. FAP never paid the full purchase price, and thus title never transferred to from Philbrick to FAP.

21. The transaction between FAP and Philbrick is, *inter alia*, the subject of an action pending in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County Florida, *FAP GmbH & Co. KG v. Inigo Philbrick et al., Case No. 2019-027931-CA-01*.

22. FAP is represented in the Florida action by Christopher A. Noel, Esq., Sequor Law, P.A., 1001 Brickell Bay Drive, 9th Floor, Miami, Florida 33131.

23. Philbrick is represented in the Florida action by Robert W. Landon, III, Esq., Kenny Nachwalter, P.A., 1441 Brickell Avenue, Suite 1100, Miami, Florida, 33131.

---

[1] Upon an order declaring Guzzini to be the full title owner of the Stingel, and ordering its return, Guzzini shall return the $1 million received from Christie's.

24. In addition, on January 6, 2016, Philbrick issued an invoice for a "50% share" in the Stingel for $3.35 million to Aleksandar (a/k/a Sasha) Pesko of Satfinance Investment Ltd., which is believed to be Pesko's business entity.

25. Pesko's known addresses are 29 Trevor Square, London, UK, SW7 1DY, and Satfinance, Craigmuir Chambers, Road Town, Tortola, British Virgin Islands.

26. Pesko and Satfinance are represented by attorney Judd Grossman of the law office of Grossman LLP, 745 Fifth Avenue, 5th Floor, New York, New Yort 10151 ([jgrossman@grossmanllp.com](jgrossman@grossmanllp.com) ).

27. Upon information and belief, but unbeknownst to Guzzini at the time that Guzzini paid fair market value for the Stingel, Pesko and/or his company Satfinance had earlier paid Philbrick for the 50% share in the Stingel on January 7, 2016.

28. Full details of the dealings between Pesko and/or his company Satfinance in relation to the Stingel are unknown; however, upon information and belief, Pesko and/or his company Satfinance aligned with, and participated with, the Stellan Holm Gallery in bidding on the Stingel during the May 15, 2019 auction.

29. By virtue of Pesko's participation in the bidding with the Stellan Holm Gallery, it is apparent that Pesko / Satfinance had no ownership interest in the Stingel as of that time, as under Christie's rules, bidders may not have an ownership interest in a work that they bid on, unless the work is designated as such in the catalogue.

30. The Stingel was not designated in the Christie's catalogue as being subject to bidding by anyone with an ownership interest.

31. Thus, upon information and belief, Pesko / Satfinance was not an owner, partially or otherwise, of the Stingel either on May 15, 2019 or when Guzzini purchased the Stingel. Therefore, Philbrick was the true owner of the Stingel on 28 June 2017, with the full right to transfer title to Guzzini on that date, and upon payment for the work on June 28/29, 2017, Guzzini became the full title owner.

32. Guzzini paid full and fair market value for the Stingel.

33. Guzzini had no knowledge of Philbrick's prior attempted sale of the Stingel to FAP at the time it agreed to purchase it from Philbrick.

34. Guzzini had no knowledge of Philbrick's prior attempted sale of the Stingel to FAP at the time it effectuated payment to Philbrick.

35. Guzzini had no knowledge of Philbrick's prior attempted sale of the Stingel to FAP at the time it took possession of it from Philbrick.

36. Guzzini had no knowledge of Philbrick's prior attempted sale of the Stingel to Pesko at the time it agreed to purchase it from Philbrick.

37. Guzzini had no knowledge of Philbrick's prior attempted sale of the Stingel to Pesko at the time it effectuated payment to Philbrick.

38. Guzzini had no knowledge of Philbrick's prior attempted sale of the Stingel to Pesko at the time it took possession of it from Philbrick.

39. Guzzini was a good-faith purchaser from Philbrick for the fair value of the Stingel, and therefore title to the Stingel passed to Guzzini on June 28/29, 2017.

40. With respect to Stellan Holm Gallery, as it has not paid the full purchase price, it has not obtained title to the Stingel.

41. The Stingel is currently in the possession of Christie's in New York, within the jurisdiction of the Supreme Court of the State of New York for the County of New York.

### First Cause of Action: Declaration that Title to the Stingel Remains Fully Vested in Guzzini

42. Plaintiff repeats and realleges the allegations set forth above.

43. Based upon the foregoing allegations, Guzzini remains the full title owner of the Stingel.

44. Based upon the foregoing allegations, Guzzini remains the beneficial owner of the Stingel, fully and completely.

45. Based upon the foregoing allegations, Guzzini is entitled to a declaration that it is the full legal and beneficial owner of the Stingel.

### Second Cause of Action: Order Directing Turnover to Guzzini of the Stingel

46. Plaintiff repeats and realleges the allegations set forth above.

47. Based upon the foregoing allegations, Guzzini is entitled to an order directing the return to it of the Stingel.

\* \* \*

WHEREFORE, plaintiff Guzzini Properties Ltd. demands that it be declared the sole and true legal and beneficial owner of *in rem* defendant Untitled By Rudolf Stingel, 2012, that notice issue on the defendant property by service of this complaint, and any accompanying papers, by personal service upon Christies, Inc., Attn: Jason Pollack, Esq., 20 Rockefeller Plaza, New York,

NY 10020 (jpollack@christies.com ) and that notice be deemed sufficient to the following interested parties by delivery of these papers in the following manner:

**To Interested Persons:**

**(via FedEx and email)**
Inigo Philbrick
Inigo Philbrick, Ltd.
112 NE 41st Street, Suite 104
Miami, FL 33137
inigo@inigophilbrick.com

And **(via FedEx and email)** to counsel for Inigo Philbrick and Inigo Philbrick, Ltd.
The Law office of Kenny Nachwalter, P.A.
Attn: Robert D. W. Landon, III
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
rlandon@knpa.com

Aleksandar Pesko
Satfinance Investment Ltd.
**(via FedEx and email)** to
The Law Office of Grossman LLP
Counsel for Aleksander Pesko and Satfinance Investment Ltd.
Attn: Judd Grossman
745 Fifth Avenue, 5th Floor
New York, NY 10151
jgrossman@grossmanllp.com

**(via FedEx and email)**
FAP GmbH & Co KG
Attn: Daniel Tümpel
Kaiserdamm 118
14057, Berlin, Germany
info@fineartpartners.com

And **(via FedEx and email)** to counsel for FAP GmbH & Co KG
Sequor Law, P.A.
Attn: Edward H, Davis, Jr., Esq.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
edavis@sequorlaw.com

**(via FedEx and email)**
Stellan Holm Gallery, Inc.
1018 Madison Avenue, 2nd Floor
New York, NY 10017
info@stellanholm.com

And **(via FedEx email)**
Aaron Richard Golub, Esq.
Counsel for Stellan Holm Gallery, Inc.
35 East 64th Street, Suite 4A
New York, NY 10065
argolub@argolub.com

Dated: New York, New York
       November 15, 2019

Respectfully submitted,

MAZZOLA LINDSTROM, LLP
By: _/s/ Wendy J. Lindstrom_____
Wendy J. Lindstrom
Counsel for plaintiff Guzzini Properties, Ltd.
733 Third Avenue, 15th Floor
New York, New York 10017
D: 646.216.8440
M: 516.680.2889
wendy@mazzolalindstrom.com

8

**Verification**

State of New York )
) ss:
County of New York )

I, Wendy J. Lindstrom, am an attorney admitted to practice in the courts of New York, and the attorney of record herein. I have read the annexed complaint and know the contents hereof and the same are true to my knowledge, except those matters herein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon my review of the file maintained for the prosecution of this matter. The reason I am verifying this complaint instead of the plaintiff is because the plaintiff does not reside in the county where my office is located. I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
      November 15, 2019

                      Respectfully submitted,

                      MAZZOLA LINDSTROM, LLP

                      By: /s/ Wendy J. Lindstrom
                      Counsel for plaintiff Guzzini Properties, Ltd.
                      733 Third Avenue, 15th Floor
                      New York, New York 10017
                      D: 646.216.8440
                      M: 516.680.2889
                      wendy@mazzolalindstrom.com