# MAZZOLA LINDSTROM LLP

Wendy J. Lindstrom  
wendy@mazzolalindstrom.com

T: 646.216.8440  
M: 516.680.2889

Richard E. Lerner  
richard@mazzolalindstrom.com

T: 646.813.4345  
M: 917.584.4864

April 28, 2020

Hon. Katherine Polk Failla, USDJ  
United States District Court  
Southern District of New York  
40 Foley Square, Courtroom 618  
New York, New York 10007

via ECF and email to Failla_NYSDChambers@nysd.uscourts.gov

Re: V&A Collection LLC v. Guzzini Properties, Ltd.  
Index No. 20-cv-01797  
**Pre-Motion Letter re Proposed Motion to Dismiss**

Dear Judge Failla:

We represent defendant Guzzini Properties, Ltd.

We write to request leave to move to dismiss on the ground that general and specific jurisdiction are lacking, that the plaintiff's sole cause of action of conversion, as alleged, fails to state a viable claim, and that equity jurisdiction is lacking.[1] We request that the court set a briefing schedule (as set forth below), and adjourn, *sine die*, the initial conference scheduled for May 14, 2020, or in the alternative direct that it be conducted by telephone. Plaintiff does not consent to the adjournment of the conference, and requests 45 days to respond to the motion.

**Proposed Briefing Schedule**

Defendant's motion:     May 25, 2020.  
Opposition papers:       July 9, 2020.  
Reply papers:            July 30, 2020.

---

[1] Although we would also have moved to dismiss on the ground that Hague Convention service has not been effectuated, in that the affidavit of service docketed by plaintiff's counsel indicates that defendant was served by mail in London, counsel has represented that service has also recently been effectuated in accordance with Hague protocols at the defendant's British Virgin Islands address. Upon review of the BVI affidavit of service, which counsel has not yet been able to obtain because of the COVID-19 pandemic, we will decide whether to also move for dismissal on this additional ground of failure to comply with Hague protocols respecting service of process.

1

## Bases for Motion to Dismiss

### I. General Jurisdiction is Lacking

General jurisdiction permits a court to exercise jurisdiction over a defendant even where the litigation arises out of non-forum contacts. Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum-contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts." *Mejia-Haffner v. Killington, Ltd.*, 119 A.D.3d 912, 990 N.Y.S.2d 561 (2d Dep't 2014), such that the defendant is essentially "at home" in the forum state. General jurisdiction is lacking where a defendant corporation is neither incorporated in New York nor maintains its principal place of business in New York. *D&R Global Selections, S.L. v. Pineiro*, 128 A.D.3d 486, 487, 9 N.Y.S.3d 234 (1st Dep't 2015). We will argue that Guzzini is not subject to general jurisdiction in New York, under the tests applied by New York or by the U.S. Supreme Court in *Daimler A.G. v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 762 (2014), as Guzzini is neither incorporated nor maintains a place of business in New York and its affiliations with the State of New York are not so continuous and systematic as to render it essentially at home here.

### II. Special Jurisdiction is Lacking

Guzzini is not subject to specific jurisdiction under New York's CPLR § 302(a)(1), and thus the court cannot exercise personal jurisdiction over it, because the allegations in the complaint do not arise from Guzzini's contacts within the State of New York.

There is no allegation that the Wade Guyton artwork that plaintiff claims was converted by Guzzini ever touched New York airspace when Guzzini had possession of it. To the extent that plaintiff may claim that it sustained injury in New York, "injury to a forum resident is not . . . sufficient" to establish specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 1125 (2014) (quotations omitted). Rather, the injuries triggering litigation must arise out of activities that are significantly and "purposefully directed" by the defendant to residents of the forum. *Overstock.com, Inc. v. New York State Department of Taxation and Finance*, 20 N.Y.3d 586, 596, 965 N.Y.S.2d 61 (2013); *Walden v. Fiore*, supra. The minimum contacts inquiry with respect to specific jurisdiction is essentially a two part test: (1) did the defendant "purposefully avail" himself of the privileges of and benefits of New York's laws, and (2) does the litigation "arise out of" the defendant's purposefully availed contacts with New York. *Wilson v. Dantas*, 128 A.D.3d 176, 9 N.Y.S.3d 187 (1st Dep't 2015) (citing *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 960 N.Y.S.2d 695 (2012). See also *Lopez v. Shopify, Inc*., 2017 U.S. Dist. LEXIS 77708 (S.D.N.Y. May 23, 2017) (a court has specific jurisdiction if the injuries triggering litigation "arise out of and are related to" activities that are significant and purposefully directed by the defendant at residents of the forum; specific jurisdiction "requires something more than in-state harm to the plaintiff alone").

We will argue that specific jurisdiction does not exist here because the claims, as alleged, do not arise from Guzzini's contacts with New York.

### III. Failure to State a Cause of Action

Plaintiff alleges a conversion of a 50% interest in a Wade Guyton artwork that is physically located in Switzerland. However, the tort of conversion presupposes a right of possession, which right plaintiff never had.

With only an alleged 50% interest in the artwork (which defendant does not concede), plaintiff never had a right to take possession of it, and therefore cannot claim conversion. Conversion is concerned with possession, not with title. *Pierpoint v. Hoyt*, 260 N.Y. 26, 182 N.E. 235 (1932); *Amusement Industry, Inc. v. Stern*, 693 F.Supp.2d 327 (S.D.N.Y. 2010).

With artful pleading, and in apparent recognition of the fact that it never had a right to take possession of the artwork, plaintiff elides this most fundamental issue, by alleging that it "has a possessory right to and at least a 50% ownership interest in the Guyton." (Complaint, ¶29). A claim of "a *possessory* right to … a 50% interest" in an artwork is meaningless.

Plaintiff also alleges that it has demanded "return of the Guyton" from Guzzini, and that its rights are superior to those of Guzzini. However, the allegation is likewise meaningless, as there are no supporting facts alleged that, if true, would show that it had a right to take possession of the artwork, that Guzzini failed to acquire any interest in the artwork, or that plaintiff acquired a superior right of possession over Guzzini.

### IV. Lack of Equity Jurisdiction

The issue of equity jurisdiction is, in sum, Can this court adjudicate an enforceable remedy? Because the artwork itself is not subject to the court's jurisdiction (and is no longer within the possession of defendant Guzzini), the court could do no more than issue an advisory opinion as to which parties and non-parties owned, and now own, what particular share of inchoate interests in the painting, or the entirety thereof. We will argue that, without the artwork itself being before the court, the court cannot adjudicate the interests in it, and thus cannot issue an enforceable remedy.

***

Defendant Guzzini reserves its rights to make such other and further arguments as may become apparent upon further reflection and preparation of the motion to dismiss.

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

*/s/ Wendy J. Lindstrom*
Wendy J. Lindstrom

*/s/ Richard E. Lerner*
Richard E. Lerner