

745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445   F. 646-417-7997
GROSSMANLLP.COM

May 1, 2020

**VIA ECF and EMAIL**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, New York  10007
Failla_NYSDChambers@nysd.uscourts.gov



Re:   *V&A Collection, LLC v. Guzzini Properties Ltd.*, Case No. 20-cv-01797 (KPF)

Dear Judge Failla,

      We write on behalf of Plaintiff V&A Collection, LLC ("V&A") under Rule 4(A) of this Court's Individual Rules of Practice in response to Defendant Guzzini's April 28, 2020, letter seeking to adjourn *sine die* the May 14, 2020, preliminary conference. (Dkt. No. 18.) There are important matters to be addressed at the conference, including, among other things, the need for jurisdictional discovery to enable V&A to respond to Guzzini's forthcoming dismissal motion. Defendant's request to effectively stay these proceedings on the basis that it seeks to dismiss the Complaint should be denied.[1]

### Background

      This is a property-title dispute concerning the ownership of an artwork by prominent American artist Wade Guyton (the "Guyton"). Plaintiff purchased a 50% ownership interest in the work in 2013 from an entity called Modern Collections. Late last year, however, amidst revelations of a massive fraud perpetrated by a former Modern Collections employee, Inigo Philbrick, V&A learned that Philbrick had purported to transfer an interest in the Guyton to Guzzini under a 2017 "Finance Document," effectively an art-backed loan; and at the same time, Philbrick physically delivered the work to Guzzini, all without V&A's knowledge or consent.[2]

---

[1] Plaintiff intends to oppose the dismissal motion, but it will not address here all the arguments outlined in Defendant's pre-motion letter; suffice it to say for present purposes, this Court has personal jurisdiction where Guzzini voluntarily commenced related proceedings in New York arising from the same transaction and nucleus of operative facts at issue here, and the claims for conversion and replevin are properly pleaded where Guzzini refuses to return V&A's painting (or the cash equivalent) despite repeated demands to do so.

[2] *See* https://www.nytimes.com/2020/03/13/style/inigo-philbrick.html (last visited May 1, 2020); https://news.artnet.com/art-world/feds-investigating-disgraced-dealer-inigo-philbrick-1846884 (last visited May 1, 2020).

Guzzini first initiated proceedings in New York State Supreme Court to enforce its rights under the Finance Document, claiming that it had purchased the Guyton and two other artworks in that single transaction.  *See Guzzini Props. Ltd. v. "Untitled by Rudolf Stingel, 2012," in Rem*, Index No. 656467/2019 (the "New York State Court Action").  In the interests of efficiency, V&A sought to intervene in Guzzini's New York State Court Action.  At the same time, V&A sought an injunction against Guzzini seeking to enjoin the transfer or disposition of the Guyton during the pendency of this dispute.  Guzzini opposed the motion in its entirety, and in doing so, it represented to Justice Joel M. Cohen that it recently had transferred ownership of the artwork—virtually contemporaneously with the commencement of the New York State Court Action—and that it no longer had possession, custody, or control:  "In G-d we Trust."  "[The Guyton] is out of [Guzzini's] possession and control."  (Dkt. No. 10-5 at 16:13-17.)  Based on those express representations, finding that Guzzini's counsel "wouldn't mislead either me or you," the state court denied the application, and directed V&A to file a standalone action, which the court would be "willing to consider [] a related action and defer for now on whether they're consolidated for discovery or more broadly."  (*Id.* at 17:6-13).

As Guzzini has since revealed, though, its representations to Justice Cohen about the current disposition of the Guyton were misleading, at best.  Indeed, over its objections, Guzzini eventually disclosed to this Court that the Guyton is, in fact, "with an affiliate" of Guzzini, "a company where the director of [Guzzini] is one of the directors at the company that it was transferred to."  (Dkt. No. 14 at 8:2-4; 8:18-20.)  And in the wake of those misleading statements, rather than return to Justice Cohen to challenge V&A's request for expedited discovery concerning the questionable circumstances of the purported transfer, Guzzini removed the action to this Court on the Friday evening before a scheduled Monday morning hearing.  (*See* Dkt. No. 10 at ¶¶ 11-12.)  On March 10, 2020, Guzzini wrote to this Court confirming that it had "transferred" the Guyton—notably, "transferred," not sold—to an affiliate, and that the shared "director" of these affiliated entities had provided a "representation that Lanark will not move, sell, transfer or otherwise dispose of the Artwork while this action is pending."  (Dkt. No. 11.)

**The Court Should Deny Defendant's Request to Adjourn
the Preliminary Conference and to Stay Discovery**

Defendant has requested leave to seek to dismiss the Complaint on the basis that it is not subject to personal jurisdiction in New York.  Where, however, Guzzini itself has already chosen New York as the forum to litigate its rights under the Finance Document, there can be no question that Guzzini has consented to jurisdiction for purposes of the claims here arising out of and involving Guzzini's alleged rights under the very same transaction and agreement.  *See Abbacor, Inc. v. Miller*, No. 01 CIV. 0803 (JSM), 2001 WL 1006051, at *3 (S.D.N.Y. Aug. 31, 2001) (finding consent jurisdiction where defendant initiated prior arbitration proceedings in a jurisdiction to adjudicate rights under the same contract at issue in the lawsuit); *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1101 (10th Cir. 2009) (finding that "the act of filing a lawsuit in a particular state is sufficient to establish jurisdiction over the plaintiff in the courts of that state in a subsequent action" arising from the same transaction); *SpaceCo Bus. Sols., Inc. v. Mass Engineered Design, Inc.*, 942 F. Supp. 2d 1148, 1156 (D. Colo. 2013), *aff'd*, 553 F. App'x 1008 (Fed. Cir. 2014) (finding personal jurisdiction "based upon implied consent or waiver" over non-resident defendants who previously filed a claim in the forum state that "involves the same

transaction"); *Neuralstem, Inc. v. StemCells, Inc.*, 573 F. Supp. 2d 888, 897 (D. Md. 2008) (holding that defendant "consents to jurisdiction through the act of filing a previous suit where the second suit arises from the 'same transaction' or the 'same nucleus of operative facts'").

Where, as here, V&A has established personal jurisdiction, or at the very least, it has "made a sufficient start toward establishing personal jurisdiction," the Court should permit jurisdictional discovery to allow V&A "ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *City of Almaty v. Ablyazov,* 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) (internal citations omitted). "In evaluating jurisdictional motions, district courts enjoy broad discretion in deciding whether to order discovery." *Paroni v. Alstom SA*, No. 19 CIV. 1034 (PAE), 2020 WL 1033406, at *4 (S.D.N.Y. Mar. 3, 2020) ("[i]f a plaintiff has identified a genuine issue of jurisdictional fact, jurisdictional discovery is appropriate even in the absence of a prima facie showing as to the existence of jurisdiction"). V&A should be entitled to obtain this discovery before responding to Defendant's dismissal motion, especially where various facts that have emerged from the New York State Court Action already have established Guzzini's meaningful New York contacts related to the very contract at issue here.

Guzzini does not dispute that in 2019, it offered for sale at Christie's New York one of the other two artworks it claims to have obtained along with the Guyton under the Finance Document. (*See* Dkt. No. 10-2 at ¶ 9.) In other words, Guzzini intentionally availed itself of the New York art market in dealing with at least one of the three works it purportedly acquired through the Finance Document. And as New York's First Department recently unanimously affirmed, a consignment of a contested artwork to Christie's in New York is sufficient to show a party transacted business in New York for jurisdictional purposes. *See Silver v. Alon Zakaim Fine Art Ltd.*, 115 N.Y.S.3d 669, 669 (1st Dep't Feb. 11, 2020) (London gallerists transacted business in New York by consigning the contested painting for sale at Christie's New York). The fact that Guzzini intended to sell at least one of these three works on the New York market at the very least suggests that it may have had similar plans for the Guyton at issue here. But only jurisdictional discovery can confirm these additional New York connections. *See Stolarik v. Kaplun Marx PLLC*, No. 17-CV-5566 (VSB), 2018 WL 4572242, at *3 (S.D.N.Y. Sept. 24, 2018) (jurisdictional discovery appropriate where the facts necessary to determine whether or not personal jurisdiction exists "lie exclusively within defendant's knowledge").

## Conclusion

For the foregoing reasons, Plaintiff respectfully submits that this Court should deny Guzzini's request to adjourn the May 14, 2020, preliminary conference, and that a schedule should be established providing for jurisdictional discovery, followed by briefing on Defendant's proposed motion to dismiss.

Respectfully submitted,

*Judd Grossman*

Judd B. Grossman

cc:	Counsel of record

The Court is in receipt of Defendant's letter requesting that the Court adjourn the scheduled conference in this matter (Dkt. #18), and Plaintiff's response (Dkt. #19). After carefully considering the parties' submissions, the Court believes that the conference is still warranted. In particular, the Court wishes to hear from the parties on the issue of jurisdictional discovery. Accordingly, Defendant's request is DENIED. However, given the current pandemic, the Court hereby CONVERTS the currently scheduled initial pretrial conference into a telephonic conference. The dial-in information is as follows: At 3:00 p.m. on May 14, 2020, the parties shall call (888) 363-4749 and enter access code 5123533. Please note, the conference will not be available prior to 3:00 p.m.

Dated:    May 4, 2020
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE