GROSSMAN LLP
ATTORNEYS AT LAW

745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445  F. 646-417-7997

GROSSMANLLP.COM

May 8, 2020

**VIA ECF and EMAIL**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, New York  10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re:    <u>*V&A Collection LLC v. Guzzini Properties, Ltd.*</u><u>, Case No. 20-cv-01797 (KPF)</u>

Dear Judge Failla,

      We write on behalf of Plaintiff V&A Collection, LLC ("V&A") jointly with Defendant Guzzini Properties, Ltd. ("Guzzini") under the Court's Notice of Initial Pretrial Conference in advance of the May 14, 2020, initial pretrial conference. (Dkt. No. 17.)  V&A encloses a copy of its proposed case-management order.  Guzzini does not consent to these proposed dates.

**Nature of the Action and Principal Defenses**

      This matter concerns the ownership of an artwork by prominent American artist Wade Guyton (the "Guyton").  Plaintiff claims that it purchased a 50% ownership interest in the work in 2013 from an entity called Modern Collections, a Gallery based in London.  Late last year, amidst revelations of a massive fraud perpetrated by a former Modern Collections employee, Inigo Philbrick, Plaintiff learned that Guzzini claims that in June 2017, Philbrick sold the Guyton to Guzzini, and Guzzini took possession without V&A's knowledge.  V&A has obtained a copy of the relevant agreements, and it contends that the transaction was not a sale, but rather an art-backed loan, where the work was impermissibly pledged as collateral without V&A's knowledge or consent. Guzzini opposes this contention; the contract speaks for itself.

      Guzzini transferred title of the Guyton on November 1, 2019 to Lanark Services Ltd., a Company organized under the laws of the British Virgin Islands.  The Guyton is located in storage in Switzerland.  Lanark has not moved or transferred the Guyton since November 1, 2019 and at Judge Failla's request has agreed not to do so until this action is resolved.

**Jurisdiction and Venue**

      V&A claims that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, because there is complete diversity among the parties.  (*See* Dkt No. 1.)  V&A Collection, LLC is a New York limited-liability company, whose members are both New York citizens.  (*See id.*)  Guzzini is a British Virgin Islands company, with its main office in London, England.  The amount in controversy exceeds $75,000 based on the value of the painting.  (*See id.*)  V&A claims that venue

is proper in this District under 28 U.S.C. § 1391 because V&A's members reside in New York and their acquisition of the painting at issue took place in New York, from where they negotiated and purchased the painting, and because Guzzini is subject to this Court's jurisdiction.

There is a dispute related to jurisdiction. Defendant has requested a briefing schedule for a motion to dismiss on jurisdiction. Plaintiff has opposed this request and, as outlined in its May 1, 2020, letter to the Court, it believes that Guzzini has consented to this Court's jurisdiction, and it has requested jurisdictional discovery in advance of the motion to dismiss. Guzzini has not consented to jurisdiction, as removal does not constitute waiver of jurisdictional defenses.

**Deadlines and Motions**

Guzzini sought permission to file a motion to dismiss, and V&A has requested jurisdictional discovery in advance of any motion. (*See* Dkt. Nos. 18-19.)

**Discovery**

The parties have not yet engaged in discovery. V&A seeks jurisdictional discovery, as well as information and documents concerning Guzzini's claim that it purchased the painting, where based on the documents that V&A has obtained through other sources, V&A claims that Guzzini's transaction concerning the painting was actually an art-backed loan, not a purchase. Guzzini argues that discovery should be stayed until its motion to dismiss is decided.

**Settlement Discussions**

The parties have not engaged in settlement discussions.

Respectfully submitted,

*Judd Grossman*

Judd B. Grossman

cc:   Counsel of record