# EXHIBIT 1

Judd B. Grossman, Esq.
Lindsay E. Hogan, Esq.
Sarah E. Schuster, Esq.
**GROSSMAN LLP**
745 Fifth Avenue, 5th Floor
New York, New York  10151
Telephone:  (646) 770-7445
Facsimile:  (646) 417-7997
jgrossman@grossmanllp.com
lhogan@grossmanllp.com
sschuster@grossmanllp.com

*Attorneys for V&A Collection, LLC*

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

| | |
|---|---|
| V&A Collection, LLC,<br>   *Plaintiff*,<br><br>-against-<br><br>Guzzini Properties Ltd.,<br>   *Defendant*. | Index No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff V&A Collection, LLC (the "Collection"), by and through its undersigned attorneys, for its Complaint against Defendant Guzzini Properties Ltd. ("Guzzini"), states as follows, on knowledge as to itself and on information and belief as to all other matters, which are likely to have evidentiary support after a reasonable opportunity for discovery:

**NATURE OF THE ACTION**

1. This action arises out of a title dispute involving a valuable artwork by post-conceptual American artist, Wade Guyton (the "Guyton").

2. The Collection purchased a 50% interest in the Guyton in June 2013, and since that time, it never sold, transferred, or otherwise disposed of its ownership interest.

3.　　The Collection acquired its ownership interest in the Guyton from Modern Collections, a secondary-market dealership owned by Jay Jopling, the founder of one of the world's leading contemporary art galleries, White Cube.

4.　　Unbeknownst to the Collection until recently, Guzzini claims to have purchased the Guyton under a June 28, 2017, agreement with Inigo Philbrick Limited ("IPL"), an entity owned by now-disgraced art dealer, Inigo Philbrick, who previously was associated with White Cube and Modern Collections.

5.　　After the Collection learned of Guzzini's claim in or about October 2019, the Collection notified Guzzini of its ownership interest.  At all relevant times, Guzzini led the Collection to believe that it still purported to own, and had physical possession, custody, and control of the Guyton.

6.　　Guzzini recently revealed to the Collection and to the Court, however, that its prior representations to the Collection were untrue, and that Guzzini purportedly transferred title to the Guyton on or about November 1, 2019, in an arm's-length transaction to a third party, whose identity it refuses to disclose.

7.　　The Collection brings this action to assert conversion claims against Guzzini for interfering with the Collection's ownership interest in that work.

**PARTIES, JURISDICTION, AND VENUE**

8.　　Plaintiff V&A Collection, LLC is a limited-liability company organized under the laws of New York.

9.　　Defendant Guzzini Properties Ltd. is a company registered in the British Virgin Islands, with a principal place of business in London.

10.　　Guzzini has consented to this Court's personal jurisdiction.

11. Guzzini filed a related action in this Court on November 1, 2019, seeking to quiet title to a different artwork by Rudolph Stingel (the "Stingel"). *See Guzzini Properties Ltd. v. "Untitled by Rudolf Stingel, 2012," in Rem*, Index No. 656467/2019 (the "Related Action").

12. Guzzini claims that it acquired title to the Guyton, together with the Stingel and a third artwork under the same June 28, 2017, agreement (the "Loan Agreement").

13. Accordingly, Guzzini has consented to this Court's jurisdiction to adjudicate its rights under the Loan Agreement—the very same contract under which Guzzini claims to have purchased the Guyton artwork at issue in this dispute.

14. Venue is appropriate in New York County under CPLR § 503 because: (i) Guzzini filed the Related Action here, and therefore it has consented to venue for purposes of adjudicating its rights under the Loan Agreement; and (ii) the Collection's members reside in New York.

## STATEMENT OF FACTS

**The Collection Purchases a 50% Ownership Interest in the Guyton.**

15. In June 2013, the Collection purchased a 50% ownership interest in the Guyton from Modern Collections, which purported to retain the remaining 50% ownership interest.

16. Modern Collections is a secondary-market dealership owned by Jay Jopling, the founder of one of the world's leading contemporary art galleries, White Cube.

17. Under the sale with Modern Collections, the Collection agreed to acquire the half-interest in the Guyton and receive an additional $350,000 in cash in exchange for a different work that the Collection had purchased from Modern Collections the prior year.

3

18. The Collection and Modern Collections agreed that when the Guyton eventually sold, the Collection would receive $850,000, Modern Collections would receive $700,000, and they would then split evenly any profit over and above those amounts.

**Philbrick Purports to Transfer an Interest in the Guyton to Guzzini;**
**<u>Guzzini Refuses to Return the Guyton to the Collection Despite its Demands.</u>**

19. In 2017, without the Collection's knowledge or consent, and without any compensation to the Collection, Philbrick—on behalf of IPL, another of his entities—purported to transfer to Guzzini an interest in the Guyton.

20. Although Guzzini claims to have *purchased* the Guyton from IPL for $6 million, in reality, as the face of the governing agreement makes clear, Guzzini was *loaning* $6 million to IPL, and in return IPL purported to pledge the three artworks, including the Guyton and the Stingel, as collateral.

21. The "Finance Documents" memorializing this deal reflect that the three works had a total insured value of $25 million, more than four times the purported $6 million "purchase price."

22. And the contract on its fact states that it is a "finance document," a term used in English law (the governing law of the agreement) to refer to security and loan transactions, not purchase-and-sale agreements.

23. Notwithstanding that the deal was in reality a loan, Guzzini at some point began dealing with the three works, including the Guyton, as if it owned them free and clear.

**Guzzini Claims to Have Transferred the Guyton;**
**<u>Guzzini Concealed this Purported Transfer from the Collection.</u>**

24. Once the Collection learned of Guzzini's claim to the Guyton in October 2019, the Collection notified Guzzini. At all times, Guzzini represented, and led the Collection to

4

believe that it had physical possession, custody and control of the Guyton, and that it purported to remain the owner of the Guyton.

25. Guzzini recently revealed that its prior representations were false, and it claims to have transferred ownership of the Guyton to a third party on November 1, 2019—the same day that it filed the Related Action seeking to enforce its alleged rights under the Loan Agreement.

26. The Collection has demanded that Guzzini return the Guyton, but Guzzini has refused to do so.

27. Guzzini refuses to reveal the identity of the party to whom it allegedly transferred the Guyton, and Guzzini will not disclose the whereabouts of the Guyton.

## FIRST CAUSE OF ACTION
## CONVERSION

28. The Collection repeats and realleges all the foregoing allegations as if fully set forth herein.

29. The Collection has a possessory right to and at least a 50% ownership interest in the Guyton.

30. The Collection's rights in and to the Guyton are superior to any purported rights asserted by Guzzini.

31. Guzzini recently revealed that it claims to have transferred ownership of the Guyton on November 1, 2019, and that the Guyton is no longer in Guzzini's possession, custody or control.

32. The Collection has demanded that Guzzini return the Guyton to the Collection. To date, Guzzini has refused to return the Guyton or to recognize the Collection's superior rights in and to the Guyton.

5

33. Accordingly, Guzzini is liable to the Collection for conversion and is required to pay damages to the Collection.

## PRAYER FOR RELIEF

WHEREFORE, V&A Collection, LLC respectfully requests that the Court enter a judgment: (1) requiring Guzzini to pay compensatory damages; and (2) awarding any other and further relief as the Court may deem just and proper.

Dated: February 26, 2020
      New York, New York

                                         GROSSMAN LLP

                                         By: _____
                                         Judd B. Grossman, Esq.
                                         Lindsay E. Hogan, Esq.
                                         Sarah E. Schuster, Esq.
                                         745 Fifth Avenue, 5th Floor
                                         New York, New York 10151
                                         Telephone: (646) 770-7445
                                         Facsimile: (646) 417-7997

                                         *Attorneys for V&A Collection, LLC*

## Verification

I, Lindsay E. Hogan, Esq., am an attorney admitted to practice law before the Courts of the State of New York, and I am a Partner at Grossman LLP, counsel to Plaintiff V&A Collection, LLC (the "Collection") in this action. I have read the Collection's Complaint dated February 26, 2020, and based on my review of the documents and information in the Collection's possession, I verify that the contents are true and correct to my knowledge, except where alleged on information and belief, and with respect to those allegations, I believe them to be true. I affirm the foregoing statements under penalty of perjury.

Dated: February 26, 2020

By: _____
Lindsay E. Hogan, Esq.