IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
V&A COLLECTION, LLC,

                            Plaintiffs,                    Docket No. 20-cv-01797 (KPF)

   -against-

GUZZINI PROPERTIES, LTD.,

                            Defendant.
-----------------------------------------------------------------x

# Reply Memorandum of Law in Further Support of Motion to Dismiss

                                                           MAZZOLA LINDSTROM LLP
                                                           Wendy J. Lindstrom
                                                            *Attorneys for defendant*
                                                           1350 Avenue of the Americas, 2nd Floor
                                                          New York, New York 10019
                                                           D: 646.813.4345
                                                           M: 516.680.2889
                                                          wendy@mazzolalindstrom.com

Of Counsel:
   Richard E. Lerner
   Nina T. Edelman
   Laura D. Castner

## Table of Contents

Table of Authorities…………………………………………………………………....ii, iii

Preliminary Statement………………………………………………………........................1

Argument:

    Point I:     V&A Has Failed to Make a Prima Facie Jurisdictional
                    Showing Under CPLR § 302……………………………………………...…4

                    A. V&A Cannot Establish Jurisdiction Under § 302(a)(1)…………………....4

                    B. V&A Cannot Establish Jurisdiction Under § 302(a)(3)…………………..5

                    C. V&A Cannot Establish Guzzini's Consent to Jurisdiction
                       in New York based on the Stingel Action…………..…………………….6

    Point II:    V&A Fails to State a Cause of Action for Conversion…………………………...8

Conclusion………………………………………………………………………….……11

**Table of Authorities**

**Cases**

*House of Diamonds v. Borgioni, LLC*,
   737 F.Supp.2d 162 (S.D.N.Y. 2010)……………………………………………………..3

*Jonas v. Estate of Leven,*
   116 F.Supp.3d 314 (S.D.N.Y. 2015)……………………………………………………..4, 5

*Sunward Elecs. Inc. v. McDonald,*
   362 F.3d 17 (2d Cir. 2004)………………………………………………………………..5

*Phoenix Ancient Art v. J. Paul Getty Trust*,
   2018 U.S. Dist. LEXIS 53270 (S.D.N.Y. Mar. 29, 2018, No. 17 Civ. 241)…………………...6

*Walden v. Fiore*,
   571 U.S. 277, 134 S.Ct. 1115 (2014)……………………………………………………..6

*Overstock.com, Inc. v. New York State Dept. of Tax. & Fin.*,
   20 N.Y.3d 586, 965 N.Y.S.2d 61 (2013)……………………………………………...…6

*Soma Medical Int'l v. Standard Chartered Bank*,
   196 F.3d 1292 (10th Cir. 1999)…………………………………………………………..6

*United States v. Swiss American Bank*,
   274 F.3d 610 (1st Cir. 2001)……………………………………………………………...6

*Abbacor, Inc. v. Miller*,
   2001 U.S. Dist. LEXIS 13385 (S.D.N.Y. 2001)…………………………………………….6, 7

*Neuralstem, Inc. v. StemCells, Inc.*,
   573 F.Supp.2d 888 (D. Md. 2008)………………………………………………………..7

*Spaceco Business Solutions v. Mass Engineered Design, Inc.*,
   942 F.Supp.2d 1148 (D. Co. 2013)………………………………………………………7

*Colavito v. New York Organ Donor Network*,
   8 N.Y.3d 43, 860 N.E.2d 713 (2006)……………………………………………………..9

*Siegel v. Siegel*,
   98 A.D. 3d 426, 949 N.Y.S.2d 662 (1st Dep't 2012)………………………………………9

*Jackie's Enters. v. Belleville*,
   165 A.D.3d 1567, 87 N.Y.S.3d 124 (3d Dep't 2018)………………………………………9

*Heinaman v. George W. Haxton & Son*,
   242 A.D. 62, 272 N.Y.S. 598 (4th Dep't 1934)……………………………………………..9

*Angiolillo v. Christie's,*
   64 Misc. 3d 500 (Sup. Ct. N.Y. Co. 2019)……………………………………………...…10

*Guiffrida v. Storico*,
   60 A.D.3d 1286, 876 N.Y.S.2d 793 (4th Dep't 2009)………………………………………..10

*O'Brien v. Ginter*,
   296 A.D.2d 387, 744 N.Y.S.2d 511 (2002)……………………………………...…………10


**Statutes**

CPLR § 302……………………………………………………………………………..4, 5

**Preliminary Statement**

Claiming a 50% interest in an artwork by Wade Guyton that at all relevant times has been located in Switzerland and is now owned by non-party Lanark Services, plaintiff V&A Collection Ltd. asserts conversion of the Guyton by BVI entity Guzzini Properties. It seeks to force Guzzini to litigate here because Guzzini (a) brought an *in rem* action in New York, where another painting, the Stingel, is located to enforce its ownership of that work, (b) acquired the Guyton and the Stingel under a June 2017 contract with disgraced British broker Inigo Philbrick, and (c) was owned by wealthy Britons whom V&A says can afford to litigate in the United States. These are insufficient grounds to establish personal jurisdiction over Guzzini.

Guzzini's *in rem* action to recover the Stingel in a New York state court does not establish its consent to jurisdiction in New York as to V&A's *in personam* claim against it. And though V&A acknowledges this Court lacks general jurisdiction over Guzzini, its opposition papers do not directly address long-arm jurisdiction over Guzzini under CPLR § 302. To the extent V&A's cited authorities address § 302, they focus on subsection (a)(1), which allows jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state" where such acts give rise to the cause of action sued upon. But V&A's conversion claim against Guzzini is governed by § 302(a)(3), allowing jurisdiction over a non-domiciliary who commits a *tortious* act outside New York, causing injury within the state.

The distorted and misrepresented "facts," which V&A presents to support its bid to force Guzzini to litigate regarding the Guyton in New York, do not support specific jurisdiction under either subsection: Guzzini has no contractual or other relationship with V&A, in New York or anywhere else; it has not purposefully availed itself of doing business in New York; the Guyton is not in New York; and Guzzini did not direct any conduct regarding the Guyton towards V&A in New York, commit any tortious acts regarding the Guyton outside New York, or cause injury to

1

V&A in New York. Further, V&A's conversion claim fails because even assuming V&A had some financial stake in the Guyton, it never had a superior right to take possession of the painting; and its real dispute is with the entity and broker with which it made an investment – not Guzzini. For all these reasons, this action must be dismissed.[1]

## V&A Misrepresents the Facts in an Effort to Establish Jurisdiction

V&A's numerous misstatements and misrepresentations of fact appear aimed at creating doubt as to Guzzini's (and its counsel's) credibility and culpability regarding Guzzini's ownership of the Guyton, and dealings with Mr. Philbrick. But V&A's assertions, even if true (they are not), do not establish that Guzzini committed a tortious act outside New York that caused injury within the state, or waived its way into New York's jurisdiction. Among other things:

- V&A claims it bought the Guyton Flaming "U" at issue in 2013, but omits that its invoice was issued to Philbrick *in London*. Opp. pp. 1,4; Lindstrom Decl. Ex. C.[2]

- V&A claims it learned in October 2019 that Guzzini had the Guyton, but omits that the painting has at all relevant times been *in Switzerland*. Opp. p. 1; Lindstrom Decl. Ex. E.

- V&A argues that Guzzini's June 2017 purchase agreement for the Guyton, and an inoperative and thus irrelevant August 2018 extension thereof, show the transaction was really a loan. But the agreement contains none of the hallmarks of a finance agreement (interest rate, pay-off terms, default terms, securitization, etc.). Instead, the agreement refers to Inigo Philbrick Limited and Guzzini as "**Seller**" and "**Buyer**"; sets a $6,000,000 "**Purchase Price**"; and provides that legal and beneficial title pass upon payment. One line in a separate letter – which never became operative as Philbrick never made the condition precedent payments – states,

---

[1] Due to page limitations, Guzzini will address V&A's arguments regarding forum non conveniens and equity jurisdiction at oral argument.
[2] Ms. Lindstrom's moving declaration is cited as "Lindstrom Decl." V&A's counsel's opposing declaration is cited as "Grossmman Decl."

"This letter is a Finance Document," but the term is not defined; and the later inoperative letter does not so characterize the purchase agreement, which it identifies as "**Sale and purchase agreement Stingel, Guyton, Wool (the 'Agreement').**" Opp. p. 5; Grossman Decl. Ex. 3.

- V&A claims Guzzini's counsel defrauded the New York state court when he advised at the February 19, 2020 hearing in the *Stingel* case that Guzzini no longer had possession of the Guyton. Opp. pp. 1-2. But Guzzini's counsel had already so informed counsel for non-party V&A at the time of the hearing; and the state court's focus was on whether V&A could properly bring a claim against Guzzini regarding the Guyton, in the Stingel *in-rem* action. Subsequently, (a) Guzzini identified the entity that actually owns the Guyton; and (b) one of the new owner's directors volunteered to not sell or otherwise transfer the work pending the determination of this action. There is no assertion or evidence that the transfer was fraudulent under Swiss, English, British Virgin Islands, or New York law.

- V&A claims Guzzini knew that transfer of the Guyton in Switzerland would have consequences in New York because V&A is a New York entity, but fails to allege facts or make any showing that Guzzini knew before the transfer that V&A was a New York entity and that the V&A entity (versus one of its principals) was even asserting a claim to the work.[3]

- V&A claims Guzzini invoked the New York state court's jurisdiction to adjudicate its rights as to three separate works. Opp. p. 2. But Guzzini only brought suit in state court on the Stingel, based on the Stingel's physical presence in New York.

- V&A claims New York's long-arm-statute has nothing whatsoever to do with this case. Opp. p. 3. But V&A insisted on discovery on the issue of specific jurisdiction (which it presumably would not need if Guzzini had consented to jurisdiction). Lindstrom Decl. Ex. E.

---

[3] *House of Diamonds v. Borgioni, LLC*, 737 F.Supp.2d 162 (S.D.N.Y. 2010), cited in the Opposition, belies V&A's arguments and supports dismissal.

3

V&A's misstated and unsupported "facts" do not establish that Guzzini is subject to specific jurisdiction. Further, V&A cannot meet this burden because it has not, and cannot, present facts showing that Guzzini committed a tortious act aimed at a New York resident when it bought the Guyton from Inigo Philbrick Ltd. in London in June 2017, and, in any event, no such allegedly tortious act caused injury in New York.[4]

## Argument

**Point I:        V&A Has Failed to Make a Prima Facie Jurisdictional Showing Under CPLR § 302**

In diversity cases, the court looks to the law of the state it sits in to determine if it has personal jurisdiction over a foreign defendant. *Jonas v. Estate of Leven,* 116 F.Supp.3d 314, 323 (S.D.N.Y. 2015). V&A has acknowledged this Court lacks general jurisdiction over Guzzini, and that it must look to New York's long-arm statute, § 302, to establish specific jurisdiction. Rather than address § 302 directly, V&A contends that by bringing an *in rem* action in New York Supreme Court to enforce its right to the Stingel, Guzzini has consented to this Court's jurisdiction in this separate tort action regarding the Guyton. The reason is plain: V&A cannot satisfy its burden to establish specific jurisdiction under § 302. But the cases V&A cites to support its waiver argument are not controlling, and are distinguishable.

### A.  V&A Cannot Establish Jurisdiction Under § 302(a)(1)

The fact-based inquiry under § 302(a)(1), regarding a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state," requires a finding that the defendant's actions were purposeful and established a substantial relationship between the transaction and the claim asserted. *Jonas v. Estate of Leven,* 116 F.Supp.3d at 325.

---

[4] V&A opposes Guzzini's argument that New York is not the proper forum for its claim on the grounds that Guzzini did not submit affidavits on this subject, and that Guzzini's principals are wealthy. Guzzini respectfully refers the Court to the authorities cited in its moving brief, and notes again that the purchase agreement by which it acquired the Guyton provides for resolution of disputes in England, under English law.

The quality of the defendant's New York contacts is the primary consideration in determining if there were purposeful activities sufficient to establish jurisdiction under § 302(a)(1); some evidence of intentional ongoing activity in commerce, not just limited contacts, is required. *Jonas,* 116 F.Supp.3d at 325, 327; see *Sunward Elecs. Inc. v. McDonald,* 362 F.3d 17, 22 (2d Cir. 2004) (discussing four factors guiding the § 302(a)(1) inquiry). The key inquiry is whether the defendant performed purposeful acts in New York in relation to the contract sued upon. *Jonas*, 116 F.Supp.3d at 325, citing cases.

While V&A repeatedly invokes the purchase agreement by which Guzzini acquired the Guyton, that transaction does not confer jurisdiction over Guzzini under § 302. First, as there was no contractual relationship between V&A and Guzzini, V&A does not have a claim against Guzzini for breach, and has only brought a conversion claim. Thus, the court must apply a tort-based jurisdictional analysis, under § 302(a)(3).

### B.  V&A Cannot Establish Jurisdiction Under § 302(a)(3)

A New York court may exercise personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or commercial commerce." CPLR § 302(a)(3). The complaint must adequately assert a tort cause of action arising from the allegedly tortious acts, and allege facts that would establish all the requirements under this subsection. *Jonas,* 116 F.Supp.3d at 332. In determining if jurisdiction exists under subsection (a)(3), "courts apply a situs of the injury test, which asks them to locate the original event which caused the injury. [T]he situs of such a nonphysical commercial injury is . . . where the critical events associated with the

dispute" occurred, not where the resulting monetary loss occurred. *Phoenix Ancient Art v. J. Paul Getty Trust*, 2018 U.S. Dist. LEXIS 53270 (S.D.N.Y. Mar. 29, 2018, No. 17 Civ. 241).

V&A was required to show that its sole cause of action, for conversion, "arises from" … "*a tortious act without the state [that caused] injury to [V&A] within the state….*" Yet V&A has not alleged or submitted proof that the supposed conversion occurred in New York; that Guzzini was even aware of V&A's place of business when it allegedly converted the Guyton; or that any act by Guzzini was directed to V&A in New York. "Injury to a forum resident is not . . . sufficient" to establish specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 1125 (2014) (quotations omitted). Rather, the injuries triggering litigation must arise out of activities that are significantly and "purposefully directed" by the defendant to residents of the forum. *Overstock.com, Inc. v. New York State Dept. of Tax. & Fin.*, 20 N.Y.3d 586, 596, 965 N.Y.S.2d 61 (2013); *Walden v. Fiore*, *supra*. Further, several cases cited by V&A actually demonstrate that this Court cannot, consistent with due process, exercise jurisdiction over Guzzini. V&A fails the test, and this case must therefore be dismissed.

### C. V&A Cannot Establish Guzzini's Consent to Jurisdiction in New York based on the *Stingel* Action

V&A seeks to persuade this Court, as it sought to persuade the New York State court, to exercise jurisdiction over Guzzini based on Guzzini's filing of the *in rem Stingel* action. But that is not a proper basis for a finding of personal jurisdiction. See *Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296 (10th Cir. 1999) (defendant's filing of five prior actions to recover monies or foreclose on trust deeds did not subject it to jurisdiction in a separate litigation); *United States v. Swiss American Bank*, 274 F.3d 610, 619-21 (1st Cir. 2001) (participation in unrelated litigation is insufficient to create general jurisdiction).

V&A cites *Abbacor, Inc. v. Miller*, 2001 U.S. Dist. LEXIS 13385 (S.D.N.Y. 2001), in

which the court denied defendant Medici Technologies' motion to dismiss for lack of personal jurisdiction, when Abbacor sued Medici in district court after arbitration proceedings between them were suspended. While an agreement to arbitrate in New York does not in itself constitute consent to personal jurisdiction in New York, the court looked to the myriad facts that did constitute consent to jurisdiction and make the exercise of personal jurisdiction over Medici appropriate, including Medici's agreement to arbitrate in New York; its initiation and participation in the arbitration for nearly two years; its failure to pay the arbitrator's fees (resulting in suspension of the arbitration); its alleged fraudulent alteration of the agreement; initial contract discussions were conducted in New York; Medici's corporate alter-ego was located in New York, and was the successor in interest of the New York-based entity; and Abbacor's claims for fraud and breach of contract arose from the same contract negotiated at least initially in New York and was the subject of the arbitration.

V&A cites *Neuralstem, Inc. v. StemCells, Inc.*, 573 F.Supp.2d 888 (D. Md. 2008), for the proposition that filing a lawsuit in a particular state suffices to establish jurisdiction over that plaintiff in a subsequent action. But V&A omits that the rule applies where the parties to the two actions are *the same*. *See, e.g.,* 573 F.Supp.2d at 897 ("[A] defendant who elected to avail itself of the benefit of a state court's jurisdiction by filing a prior suit *against the same party* waives its personal jurisdiction defense in all actions related to the claim and arising out of the same nucleus of operative facts for which it originally invoked the court's jurisdiction….") (emphasis added). The court found jurisdiction there based on StemCells' having filed a prior action in Maryland, involving the same parties and related to the same transaction or occurrence.

V&A's citation to *Spaceco Business Solutions v. Mass Engineered Design, Inc.*, 942 F.Supp.2d 1148 (D. Co. 2013), aff'd at 553 F. App'x 1008 (Fed. Cir. 2014), for the proposition

7

that Guzzini waived its way into jurisdiction in New York likewise misses the mark. In that case, Spaceco had sued Mass Engineered in Colorado, after Mass Engineered dismissed an action it had brought against Spaceco in Texas and litigated for several years. The Colorado district court held the claims between these parties should be litigated in Texas, where Mass Engineered had subjected itself to suit by bringing the original action against Spaceco. That the suit had financial consequences to Spaceco in Colorado was insufficient to establish "that being haled into court in Colorado would not offend traditional notions of fair play and substantial justice." *Id*. at 1155.

None of the facts that supported personal jurisdiction in *Abbacor* and *Neuralstem* are present here. There were no negotiations between V&A and Guzzini in New York; Guzzini has no business or corporate alter-egos in New York; there is no contract, much less a New York choice-of-law provision, between V&A and Guzzini; and Guzzini has not brought a prior action against V&A in New York (or elsewhere) relating to the Guyton, or any other matter. Guzzini's contract is **with Inigo Philbrick Ltd.** (Grossman Decl. Ex. 3), has an English choice-of-law clause (*id.,* ¶8.7), an exclusive English choice-of-forum clause as to any contract-based claims and extra-contractual claims (*id.,*¶8.8), and provides that no third person has rights under the contract (*id.,*¶8.6). There was no reason to name V&A as a party to Guzzini's *in rem Stingel* action filed in state court, and V&A's application to intervene there, to assert an *in personam* claim regarding a different painting, was unsuccessful. But V&A's claim against Guzzini is no more proper in this Court than in the state court, and must be dismissed.

**Point II:        V&A Fails to State a Cause of Action for Conversion**

V&A argues it is entitled to compensatory damages from Guzzini because it purchased a 50% interest in the Guyton from Modern Collections. But conversion is concerned with *possession*, not title; and an "interest" is not equivalent to a right of possession.

> A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession. Two key elements of conversion are (1) plaintiff's *possessory right or interest* in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights.

*Colavito v. New York Organ Donor Network*, 8 N.Y.3d 43, 49-50, 860 N.E.2d 713 (2006) (emphasis added; citations omitted). Whether a right or an interest is claimed, it must be "possessory" to support a claim for interference. See, *e.g., Siegel v. Siegel*, 98 A.D. 3d 426, 427, 949 N.Y.S.2d 662 (1st Dep't 2012); *Jackie's Enters. v. Belleville*, 165 A.D.3d 1567, 1572-1573, 87 N.Y.S.3d 124 (3d Dep't 2018) (affirming dismissal of conversion action as to websites; "[a]ssuming that . . . trespass or conversion even applies to intangible items such as websites . . . plaintiff had no possessory interest in the online accounts"); *Heinaman v. George W. Haxton & Son*, 242 A.D. 62, 673-64, 272 N.Y.S. 598 (4th Dep't 1934) (lender cannot claim conversion based on a security "interest" in goods, unless it had actual possession of the goods).

V&A alleges it acquired a partial ownership interest in the Guyton in 2013, and "brings this action to assert conversion claims against Guzzini for interfering with [V&A's] ownership interest in that work," claiming "a 50% interest" and "at least a 50% interest." Lindstrom Decl. Ex. A, Complaint ¶¶2, 7, 15, 29. But apart from V&A's conclusory allegations that it "has a possessory right to" the Guyton and that its "rights in and to the Guyton are superior to any purported rights asserted by Guzzini" (*id.,* ¶¶29, 30), there are no supportive facts alleged.

V&A does not and cannot point to any document giving it a right to possession, full title, or even a right of first refusal as to any sale of the Guyton. In fact, according to the hearsay email between Inigo Philbrick and Andre Sakhai that V&A offers to support its theory, the deal between V&A and Modern Collections was that "upon sale [V&A] will return 850k and [Modern Collections] will return 700k, and then [V&A and Modern Collections] split the profit."

9

Grossman Decl. Ex. 2. V&A thus never contemplated nor received a right to take possession of the Guyton; rather, all that was agreed was that V&A would be entitled to a share of the profits upon re-sale of the work. While Philbrick or Modern Collections may have converted V&A's share of the Guyton sale proceeds and V&A may have a viable cause of action against them, neither Guzzini nor the Guyton's current owner can be liable to V&A for conversion, as V&A had, and has, no ***possessory interest*** with which they interfered.

V&A's cited authorities do not solve this problem. For example, in *Angiolillo v. Christie's,* 64 Misc. 3d 500 (Sup. Ct. N.Y. Co. 2019), a wife was granted a "uxorial usufruct" in a diamond allowing her to possess and wear it during her lifetime following her husband's death but giving no ownership rights surviving her death; the case does not involve a partial interest in a chattel and is inapposite. V&A's reliance on *Guiffrida v. Storico*, 60 A.D.3d 1286, 1287, 876 N.Y.S.2d 793 (4th Dep't 2009), for the proposition that plaintiff's ownership status as to personal property is "irrelevant to the award of damages for conversion because plaintiff had an immediate superior right of possession to the property" (Opp. p. 8), is particularly disingenuous, where V&A omits that the *Guiffrida* plaintiffs (unlike V&A) were in actual physical possession of the chattels at issue before the alleged conversion, and were secured creditors. V&A never had possession of the Guyton and is not a secured creditor. As to *O'Brien v. Ginter*, 296 A.D.2d 387, 744 N.Y.S.2d 511 (2002), while it may be well-settled that a "[i]n a tenancy-in-common, each cotenant has an equal right to possess and enjoy all or any portion of the property as if the sole owner," any claim that V&A may wish to bring as a tenant in common is properly asserted against Modern Collections or Philbrick, not Guzzini, with which it has no such relationship.

**Conclusion**

For all the foregoing reasons, V&A's complaint must be dismissed.

Dated: New York, New York
September 18, 2020

MAZZOLA LINDSTROM LLP
*/s/ Wendy J. Lindstrom*
Wendy J. Lindstrom
*Attorneys for Defendant*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
D: 646.813.4345
M: 516.680.2889
wendy@mazzolalindstrom.com

Of Counsel:
Richard E. Lerner
Nina T. Edelman
Laura D. Castner